UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIJIOKE BOMANI BEN-YISRAYL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-661-TWP-MJD |
| ) | |
| DUSHAN ZATECKY,[1] ) | |
| ) | |
| Respondent. ) | |

### ENTRY GRANTING PETITIONER'S MOTION TO STAY

This matter is before the Court on Petitioner Chijioke Bomani Ben-Yisrayl ("Mr. Ben-Yisrayl") Motion to Stay Habeas Proceedings and Hold Petition in Abeyance (Dkt. 5). For the reasons explained in this Entry, the Motion will be **GRANTED.**

### I. BACKGROUND

Mr. Ben-Yisrayl is serving a sentence imposed by a state court. On May 6, 2012, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a). The pleadings and the expanded record show the following to be the facts material to the resolution of petitioner's motion to stay and abey.

- In Mr. Ben-Yisrayl's direct appeal, the Indiana Supreme Court affirmed his convictions and sentence. *Ben-Yisrayl v. State*, 598 N.E.2d 1041 (Ind. 1992).

- Mr. Ben-Yisrayl filed a petition for post-conviction relief and was resentenced on February 16, 2010. His post-conviction appeal was denied by the Indiana Court of Appeals on December 14, 2010. Mr. Ben-Yisrayl's petition for transfer was denied by the Indiana Supreme Court on February 17, 2011.

---

[1] The petitioner's custodian, named in his official capacity only, is **substituted** as the sole and proper respondent in this action.

- Mr. Ben-Yisrayl filed his petition for writ of habeas corpus with this Court on May 16, 2012. He seeks habeas corpus relief based on, among other claims, the contention that there was improper destruction of biological evidence.

- Mr. Ben-Yisrayl filed a motion to stay and abey this Court's proceedings while he completes his state post-conviction action in *Ben-Yisrayl v. State*, No. 49G03-8404-PC-5165, which was filed on September 20, 2011.

In his pending state post-conviction action, Mr. Ben-Yisrayl asserts two claims: (1) the State used serology evidence which it knew or should have known was false, and (2) the State destroyed potentially exculpatory biological evidence, thereby preventing DNA testing, despite a court order to preserve it. The State of Indiana asserts in its answer and motion to dismiss Mr. Ben-Yisrayl's post-conviction action that his destruction of DNA evidence claim constitutes an unauthorized successive petition for post-conviction relief for which Mr. Ben-Yisrayl has not received permission from the Indiana Court of Appeals or the Indiana Supreme Court. The State of Indiana's motion to dismiss Mr. Ben-Yisrayl's post-conviction action remains pending and a status hearing is scheduled for June 18, 2013.

## II. DISCUSSION

The Supreme Court has explained that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines v. Weber,* 544 U.S. 269, 277 (2005). "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Furthermore, "whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). The Seventh Circuit then explained:

> When a district court's order dismissing a petition without prejudice will "effectively end any chance at federal **habeas** review," that is, when there is a substantial risk that it comes too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request.

*Id.* (Emphasis added.) Here, although Mr. Ben-Yisrayl has yet to exhaust claims at post-conviction, dismissal of his petition without prejudice may prejudice his opportunity for a timely re-filing of his federal habeas petition should the state court dismiss his pending state court action as successive petition for post-conviction relief. Mr. Ben-Yisrayl has satisfied the stay and abeyance requirements set forth in *Rhines*.

## III. CONCLUSION

Nevertheless, the "district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA" and "[a] mixed petition should not be stayed indefinitely." *Rhines*, 544 U.S. at 269. Accordingly, Mr. Ben-Yisrayl's motion to stay and abey (Dkt. 5) is **GRANTED** until such time as the present state court post-conviction proceedings are completed, or until such time as the criteria established in *Rhines* no longer justifies a stay and abeyance, whichever occurs first.

**SO ORDERED.**

Date: 03/29/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael K. Ausbrook
mausbrook@gmail.com

James Blaine Martin
OFFICE OF THE INDIANA ATTORNEY GENERAL
James.martin@atg.in.gov