UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHIJIOKE BOMANI BEN-YISRAYL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-661-TWP-MJD |
| ) | |
| BILL WILSON, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on Petitioner Chijioke Bomani Ben-Yisrayl's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). On September 18, 2015, the Court denied Ben-Yisrayl's Petition for a Writ of Habeas Corpus (*see* Filing No. 51) and entered final judgment that same date. For the reasons explained below, the Motion to Alter or Amend Judgment (Filing No. 53) is **DENIED**.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a Rule 59(e) motion is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). However, a Rule 59(e) motion "is not a fresh opportunity to present evidence that could have been presented earlier." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). Instead, to receive the requested relief, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Id.*

## II. DISCUSSION

The Court incorporates by reference the background section of its Entry denying Ben-Yisrayl's habeas petition. (Filing No. 51 at 2-4.) Ben-Yisrayl contends that the Court should alter the judgment dismissing his petition for writ of habeas corpus because the Court made manifest errors of law in denying his claims for relief. Specifically, the Court determined that Ben-Yisrayl's claims for relief based on the destruction of DNA and ineffective assistance of counsel were without merit. The Court will address each claim in turn.

**A.  Intentional Destruction of Evidence**

In his habeas petition, Ben-Yisrayl argued that his due process rights were violated because the State "knowingly and intentionally destroyed potentially exculpatory evidence in violation of a standing [state] court Order requiring said evidence to be preserved." (Filing No. 1 at 7.) This claim was based on the undisputed fact that fifteen years after a jury found him guilty of the charges at issue, the Property Section of the Indiana Police Department destroyed evidence in May 1999, while his post-conviction appeal was still pending. (*See* Filing No. 42-28 at 18.) Subsequently, Ben-Yisrayl was ordered to be resentenced. During resentencing proceedings, Ben-Yisrayl requested that further DNA testing be done on the evidence, at which time it was discovered that the evidence had been destroyed.

This Court denied Ben-Yisrayl's due process claim on the merits for two independent reasons. First, the Court held that, pursuant to *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), Ben-Yisrayl was not entitled to "the opportunity to collect and submit entirely new, and he hoped exculpatory, evidence," since *Brady* does not require states "to allow the defendant access to these new tests [when] the defendant had already been 'proved guilty after a fair trial.'" *Whitlock v. Bruggemann*, 682 F.3d 567, 587-88 (7th Cir. 2012) (quoting

*Osborne*, 557 U.S. at 68). Second, the Court held that even if such a due process right existed, Ben-Yisrayl would have to demonstrate that, in destroying the evidence in question, "(1) the State acted in bad faith; (2) the exculpatory value of the evidence was apparent before it was destroyed; and (3) the evidence was of such a nature that the petitioner was unable to obtain comparable evidence by other reasonably available means." *McCarthy v. Pollard*, 656 F.3d 478, 485 (7th Cir. 2011). The Court held that Ben-Yisrayl could not show that the second factor was met because the mere possibility that, if tested, the evidence would prove to be exculpatory is insufficient. (Filing No. 51 at 11-13.)

In the instant motion, Ben-Yisrayl takes issue with the Court's statement of the law as to both of the alternative bases for the decision. The Court will address only the second factor because on this issue, Ben-Yisrayl has most clearly not made the showing necessary for relief.

As to the second factor, Ben-Yisrayl argues that "despite the statement to the contrary in *McCarthy* . . . , *Arizona v. Youngblood*, 488 U.S. 51 (1988) specifically says that it is unnecessary to show that evidence was destroyed with actual knowledge of its exculpatory value."[1] (Filing No. 53 at 3.) The fundamental problem with Ben-Yisrayl's argument is that—as he acknowledges— the Seventh Circuit in *McCarthy* has explicitly interpreted *Youngblood* to require a showing that "the exculpatory value of the evidence was apparent before it was destroyed." *McCarthy*, 656 F.3d at 485. And, under *Youngblood*, for evidence "[t]o be considered 'apparently' exculpatory, the exculpatory nature of the evidence must be apparent *before* it is destroyed. Accordingly, '[t]he possibility that [the evidence] *could* have exculpated [the petitioner] *if* preserved or tested is not

---

[1] Ben-Yisrayl also argues that he has never had the opportunity to develop the record to show whether the police knew of the exculpatory value of the evidence when it was destroyed, and thus the Court should hold a hearing to allow him to develop the record on this point. (Filing No. 53 at 3.) But Ben-Yisrayl acknowledges, just as the Court reasoned in denying his claim, that the exculpatory value of the evidence would not be known without further DNA testing, and since the evidence in question was destroyed, no such testing can be conducted. Accordingly, a hearing or other evidentiary proceeding would not allow Ben-Yisrayl to make the showing necessary.

3

enough to satisfy the standard of constitutional materiality in *Trombetta*.'" *Id.* at 485-86 (quoting *Youngblood*, 488 U.S. at 57 n.*). As explained in the Court's Entry denying relief, Ben-Yisrayl's claim fails under this standard. (Filing No. 51 at 11-13.)

The Seventh Circuit's interpretation of *Youngblood* in *McCarthy* is, of course, binding on this Court. And it is precisely what the Court utilized in rejecting Ben-Yisrayl's claim. It was not a manifest error of law for the Court to do so, even if Ben-Yisrayl's view of *Youngblood* diverges from the Seventh Circuit's. Accordingly, there is no basis for the Court to alter or amend its judgment with respect to this claim.

**B.** **Ineffective Assistance of Counsel**

Ben-Yisrayl also raised a claim of ineffective assistance of counsel in his habeas petition. The Court denied this claim because it was procedurally defaulted and, in the alternative, because it lacked merit. (Filing No. 51 at 13-16.) Ben-Yisrayl contends that the Court made a manifest error of law in both respects.

Before addressing whether the Court made a manifest error of law regarding either of these issues, the Court will first clarify the scope of a Rule 59 motion. Specifically, Rule 59 motions do "not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). Nevertheless, Ben-Yisrayl attempts to do just that. This is no doubt in part because, in the Court's Entry denying Ben-Yisrayl habeas relief, it explained at length why the arguments in his belatedly filed reply brief would not be considered. (Filing No. 51 at 6-9.) These arguments, or any other new arguments, are not properly presented in a Rule 59 motion, as they should have been properly presented to the Court prior to entry of judgment, but they were not. *See Beyrer*, 722 F.3d at 954.

Turning first to procedural default, Ben-Yisrayl raised this claim in state court for the first time in his application for authorization to file a successive post-conviction petition, which was denied by the Indiana Court of Appeals. Therefore, no state court addressed this claim on the merits.

As explained in the Court's Entry, procedural default occurs "when a claim *could have been* but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (emphasis added). Although Ben-Yisrayl was not permitted to pursue this claim via a successive post-conviction proceeding in state court, the claim could have been raised during his direct appeal. *See Jewell v. State*, 887 N.E.2d 939, 941 (Ind. 2008) ("A criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to raise this claim on direct appeal or in post-conviction proceedings."). Because it was not, the claim is procedurally defaulted. *See Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) ("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'") (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)).

Ben-Yisrayl takes issue with this because Indiana law allows, and in many instances prefers that ineffective assistance of counsel claims be raised in post-conviction proceedings rather than on direct appeal. This is undoubtedly true. *See Jewell*, 887 N.E.2d at 942 ("Unless foreclosed by raising the issue on direct appeal, a defendant should be permitted to present the issue of ineffective assistance of counsel utilizing the broader evidentiary opportunities afforded in post-conviction proceedings."). But this does not change the fact that Ben-Yisrayl *could have* raised the claim on direct appeal, and further, that it was a risk not to do so when there was no certainty that a

5

successive post-conviction proceeding would be authorized to raise the claim. *See Matheney v. State*, 834 N.E.2d 658, 661 (Ind. 2005) (noting that a petitioner is only entitled to a single post-conviction proceeding and that a successive post-conviction proceeding requires authorization under Indiana Post-Conviction Rule 1 § 12(b)).

Furthermore, not only could Ben-Yisrayl have made his ineffective assistance of counsel claim on direct appeal, he could have attempted to utilize the procedure set forth in *Davis v. State*, 368 N.E.2d 1154 (Ind. 1977), if he wanted to develop the record with respect to this claim. The Indiana Supreme Court has noted that a "*Davis* petition" presents a viable mechanism for a defendant to raise an ineffective assistance of counsel claim prior to his direct appeal, and it permits the defendant to develop the record to support the claim. *See Woods v. State*, 701 N.E.2d 1208, 1219-20 (Ind. 1998) (noting that a defendant can bring an ineffective assistance of counsel claim "on direct appeal by a *Davis* petition," which functions to "suspend the direct appeal to pursue an immediate petition for postconviction relief"); *see also Lee v. State*, 694 N.E.2d 719, 721 n.6 (Ind. 1998) (noting that a *Davis* petition may be an appropriate course when an ineffective assistance of counsel claim "arguably requires a certain level of fact finding not suitable for an appellate court"). By not raising his claim on direct appeal or attempting to file a *Davis* petition,[2] Ben-Yisrayl risked the very result that occurred—namely, that authorization for a successive post-conviction proceeding would be denied and thus he missed his opportunity for the state court to address his ineffective assistance of counsel claim on the merits. Unfortunately for Ben-Yisrayl, because he could have raised his ineffective assistance of counsel claim, the risk he took by not raising it when

---

[2] There is, of course, no guarantee that Ben-Yisrayl would have been permitted by the state courts to utilize a *Davis* petition to develop his claim, but as far as the Court knows, a *Davis* petition may have been a viable route. Given this, the Court cannot conclude that Ben-Yisrayl could not have adequately pursued his claim in state court.

6

he had the opportunity to do so has led to the procedural default of the claim. *See Resnover*, 965 F.2d at 1458.

For the foregoing reasons, Ben-Yisrayl has failed to demonstrate that the Court made a manifest error of law in concluding that his claim was procedurally defaulted. But even if the Court did, it did not make such an error when denying Ben-Yisrayl's ineffective assistance of counsel claim on the merits.

In his habeas petition, Ben-Yisrayl raised two ways in which his counsel at resentencing rendered ineffective assistance. He argued that his counsel failed to raise at sentencing the fact that the State destroyed the allegedly exculpatory evidence before he could test it further, and instead, that he only filed a two-page memorandum. As the Court explained in its Entry denying habeas relief, the failure to raise the destruction of evidence during resentencing could not have been deficient performance or prejudicial given that both Ben-Yisrayl himself recognized that the evidence spoke only to Ben-Yisrayl's guilt, not to the appropriate sentence once guilt was established. (Filing No. 51 at 15-16.) Further, the Court explained that brief length alone cannot establish that counsel's performance was deficient, as "'[t]here is no correlation between the length of a brief and its quality.'" (Filing No. 51 at 16 (quoting *Nguyen v. Reynolds*, 131 F.3d 1340, 1351 (10th Cir. 1997)).

In his present motion, Ben-Yisrayl does not explain how the Court made a manifest error of law in resolving either of these arguments. Instead, he argues that a hearing is necessary for him to develop the basis for his ineffective assistance of counsel claim. (Filing No. 53 at 9-10.) Specifically, he argues that "[w]ithout an evidentiary hearing, he cannot show what mitigation evidence his trial lawyers failed to present or why they failed to present it." (Filing No. 53 at 9.)

7

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

In this matter, however, the record alone was sufficient to definitively decide that neither of two reasons why Ben-Yisrayl maintains he received ineffective assistance of counsel were meritless, and thus an evidentiary proceeding was not warranted. As explained above and in the Court's Entry denying habeas relief, the failure to raise an argument that was irrelevant to sentencing is on its face a non-starter, as is a criticism regarding the length of counsel's brief. To the extent that Ben-Yisrayl is now, for the first time, arguing that certain mitigation evidence was not presented and should have been presented, this argument was not raised in Ben-Yisrayl's habeas petition and thus cannot not be raised now by way of his Rule 59 motion. *See Beyrer*, 722 F.3d at 954.

For these reasons, the Court did not make a manifest error of law in denying Ben-Yisrayl relief on the merits of his ineffective assistance of counsel claim.

### III. CONCLUSION

Ben-Yisrayl has failed to show that the Court made a manifest error of law in denying him habeas relief. Therefore, his Motion to Alter or Amend Judgment (Filing No. 53) is **DENIED**.

**SO OREDERED.**

Date: 12/14/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael K. Ausbrook
mausbrook@gmail.com

James B. Martin
OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov